UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| LYDRANNA T. LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-cv-035-CEA-SKL |
| | ) |
| TULLAHOMA POLICE DEPARTMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

*************************************************************************

| | |
|---|---|
| TAMARA R. SWINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-0207-CEA-SKL |
| | ) |
| TULLAHOMA POLICE DEPARTMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is a motion to withdraw, which also requests a 30-day stay, for Plaintiff Lydranna T. Lewis ("Plaintiff Lewis") to find new counsel to replace current counsel, Ashley Upkins and Rodney D. Hanson, and the Cochran Firm-Nashville, LLC (collectively, "Cochran Firm") [Doc. 45]. Defendants filed a joint response in which they did not object to the motion; however, they requested a stay of all pending deadlines and the imposition of other conditions, including dismissal of Plaintiff Lewis' complaint if she fails to file a notification with the Court that she has either retained new counsel or is representing herself in this matter [Doc. 47]. No reply was filed and this matter is ripe.

An extensive telephonic hearing was held on January 19, 2022, which was attended by multiple defense counsel on behalf of Defendants and Attorney Upkins on behalf of Plaintiff Lewis. Plaintiff Lewis received notice of the hearing, but did not choose to participate. Counsel for Plaintiff Tamara R. Swinson were given permission to attend the hearing or not, and chose not to attend.

During the hearing, Attorney Upkins advised that all requirements for withdrawal set forth in Eastern District of Tennessee Local Rule 83.4 have been met and she has certified same [Doc. 48]. Attorney Upkins further advised that she informed Plaintiff Lewis on December 3, 2021, that the Cochran firm would be required to seek to withdraw from the attorney-client relationship due to emerging conflicts that precluded further representation pursuant to applicable Tennessee Rules of Professional Conduct. Plaintiff Lewis neither objected to, nor consented to, the motion to withdraw. While Plaintiff Lewis has known of the motion to withdraw issues since December 3, no substitute attorney has entered an appearance and it is unknown whether Plaintiff Lewis has made any efforts to obtain replacement counsel.

For the reasons explained in detail during the hearing, and without objection, the Court will grant the motion to withdraw only to the extent it seeks permission for Plaintiff Lewis's counsel of record to withdraw. The Court will give Plaintiff Lewis **14 DAYS** to secure new counsel or notify the Court that she is proceeding pro se. In an effort to accommodate the parties given the quickly approaching discovery deadlines, the Court will also extend the final witness list deadline set forth in Paragraph 1(b) of the Amended Scheduling Order [Doc. 39], to **February 15, 2022**. All other deadlines set in the Amended Scheduling Order remain in effect.

Accordingly, the motion to withdraw as counsel for Plaintiff Lewis [Doc. 45] is **GRANTED IN PART AND DENIED IN PART** as follow:

(1) Attorneys Ashley Upkins and Rodney D. Hanson, and the Cochran Firm are withdrawn from further representation of Plaintiff Lewis, and the Clerk is **DIRECTED** to **TERMINATE** them as counsel of record.

(2) Within **14 DAYS** of entry of this Order, Plaintiff Lewis **SHALL** either (a) have substitute counsel file a notice of appearance on her behalf or (b) file a notice (i) that she is proceeding without an attorney (i.e., proceeding pro se) and (ii) confirming she has reviewed the requirements of Local Rule 83.13.[1]

(3) The Court further **ORDERS** that the parties' deadline for their final witness lists [Doc. 39], is extended to **February 15, 2022**.

(4) Defendants' premature request for a condition dismissing this matter if Plaintiff fails to file the notification addressed above is **DENIED** without prejudice to the filing of an appropriate motion if Plaintiff fails to abide by the Court's orders.

**PLAINTIFF LEWIS IS FOREWARNED THAT ANY FAILURE BY HER TO FULLY COMPLY WITH THIS ORDER OF THE COURT AND/OR ANY FAILURE TO PROSECUTE HER CLAIMS WILL RESULT IN SANCTIONS, INCLUDING BUT NOT LIMITED TO DISMISSAL OF HER CASE WITH PREJUDICE**.

---

[1] Local Rule 83.13, addressing parties not represented by counsel, provides: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. Notification of a change of address must be accomplished by filing a Notice with the Clerk and service of the Notice upon all other parties within 14 days of the change of address. In addition, a party appearing for himself/herself shall sign his/her pleadings and include his/her address and telephone number. The failure of a pro se plaintiff to timely respond to an order or pleading addressed to the last address provided to the Clerk may result in dismissal of the case or other appropriate action. Parties proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure and these rules." The Court's Local Rules may be reviewed at: www.tned.uscourts.gov/sites/tned/files/localrules.pdf.

The Clerk is **DIRECTED** to send a copy of this Order to Plaintiff Lewis at the address listed in the motion to withdraw [Doc. 45].

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

4